IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARA JEAN NELSON, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Civil Action No. 19-9 ) |
| ANDREW M. SAUL,[1] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
| Defendant. | ) ) |

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion (ECF No. 10) and denying Defendant's Motion for Summary Judgment. (ECF No. 14).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Douglas Cohen, held a hearing on October 24, 2017. (ECF No. 8-3). On February 28, 2018, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 15-27).

After exhausting all administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 14). The issues are now ripe for review.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Weighing of Opinion Evidence</u>

Plaintiff argues that the ALJ failed to properly evaluate the mental health medical opinions of record.[2] (ECF No. 11, pp. 14-20). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2).

---

[2] Plaintiff's arguments regarding the weighing of opinion evidence are limited to the mental opinion evidence. (ECF No. 11). Therefore, my discussion regarding the opinion evidence is focused accordingly.

3

The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff argues that the ALJ "failed to evaluate Dr. Nadkarni's mental health impairment statement and failed to explain why he rejected Dr. Nadkarni's opinion that Plaintiff was unable to work a normal work day/work week." (ECF No. 11, pp. 16-17). While the ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, he must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of SS,* 529 F.3d 198, 203-04 (3d Cir. 2008). To that end, an ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000)*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981); *Fargnoli v. Massanari,* 247 F.3d 34, 44 (3d Cir. 2001). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705.

I find the ALJ failed to meet this standard as it relates to the ALJ's failure to evaluate Dr. Nadkarni's mental impairment statement. While the ALJ references Dr. Nadkarni's medical assessment of ability to do work-related activities (ECF No. 8-18, pp. 8-10), his decision does not reference the mental impairment statement (ECF No. 8-18, p. 7) wherein Dr. Nadkarni indicated Plaintiff suffers with numerous signs and symptoms related to her diagnosis of PTSD and general anxiety. (ECF No. 8-18, p. 7). *See,* ECF No. 8-2, pp. 15-27. Additionally, Dr. Nadkarni opined therein that that Plaintiff cannot work a normal work day / work week. (ECF No. 8-18, p. 7). The ALJ makes no reference or comment regarding the same. (ECF No. 8-2, pp. 15-27. The failure by the ALJ to acknowledge and discuss this probative and relevant medical evidence prohibits

5

me from conducting a proper and meaningful review. Therefore, I cannot find that the ALJ's opinion is based on substantial evidence.

Additionally, Plaintiff argues that the ALJ failed to provide adequate explanations for rejecting the opinions of Dr. Nadkarni, Dr. Osachy, and LCSW McCune. (ECF No. 11, p. 17). Essentially, the ALJ rejected the aforementioned opinions because they were "not supported by the evidence and [are] not consistent with the record as a whole."[3] (ECF No. 8-2, p. 24). This is inadequate boiler plate language. An ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). I acknowledge that the ALJ does summarize some of the medical evidence in the record, but it is very terse, especially given Plaintiff's mental history. The ALJ does not provide adequate scrutiny or explanation suggesting what evidence is inconsistent with the opinions he rejects or why he is crediting the opinion of the non-examining doctor over the treating providers' opinions.[4] Contrary to Defendant's position, further articulation was required. Without more from the ALJ in this case, I am unable to make a meaningful and proper review to determine if the ALJ's opinion is based on substantial evidence.

Consequently, remand is warranted. Therefore, I am remanding for full and proper

---

[3] I say "essentially" because the ALJ also states that the opinions are given little weight because the Plaintiff improved or was doing well. (ECF No. 8-2, p. 24). These terms, however, do not translate into inconsistencies or suggest Plaintiff does not have functional limitations. Just because someone improves does not necessarily mean that there are inconsistencies with an opinion of marked or serious limitations or that Plaintiff's work-related abilities/limitations improved or are adequate. It very well could mean that in her improved state, Plaintiff still had serious limitations preventing Plaintiff from working on a sustained basis. Thus, I find that the ALJ's rejection of the opinions on this basis is not borne out by the record and, thus, is not a valid reason for discounting said opinion.

[4] It is curious to me that that ALJ seems to reject the opinion of Dr. Osachy, in part, because the examination by Dr. Osachy was just prior to when Plaintiff deteriorated in December of 2015, yet he gives significant weight to the opinion of the non-examining consulting doctor whose opinion was authored during that same time period – just prior to when Plaintiff deteriorated in December of 2015. (ECF No. 8-2, p. 24-25). This is an inconsistency in the ALJ's opinion that should be rectified on remand.

analysis of the medical opinion evidence.

    An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SARA JEAN NELSON, )
                Plaintiff, )
  -vs- ) Civil Action No. 19-9
ANDREW M. SAUL,[5] )
COMMISSIONER OF SOCIAL SECURITY, )
                Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 10th day of February, 2020, it is ordered that Plaintiff's Motions for Summary Judgment (ECF No. 10) is granted and Defendant's Motion for Summary Judgment (ECF No. 14) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                BY THE COURT:

                s/ Donetta W. Ambrose
                Donetta W. Ambrose
                United States Senior District Judge

---

[5] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.